Good morning, Justices, if it please the Court. On behalf of the appellant, the briefs are quite thorough, I believe, and I have very little to add. Let me ask you at the beginning to clear something up. Why is United still in the case? United is in the case because the only way that the grievance could be processed was through the bargaining agent union, and the union misled him and he didn't learn of it until late in the game. But why is United still in the case? There may be a claim against the union, but I don't understand what United is still doing here. Well, I understand the Court's argument in that regard, Your Honor. However, he had no independent access to United, and the claim as far as his method of resolution was solely exclusively through the grievance processing. And so because there's a contract between the union and United, United is bound to participate in the process, and obviously the claim was not processed by the union. Okay. Anything further you want to tell us? I think that it's other – I'll reserve, Your Honor, for your further comments. Okay. Thank you. Good morning, Your Honor, and may it please the Court. I'm Hope Case, appearing on behalf of United Airlines, one of the defendants in appellate case. Do you know why you're here? I'm a little puzzled, Your Honor. In Mr. Mitterand's reply brief, he reiterated that in fact he was not challenging the preemption argument which disposes of the claims against United. I think we've put forth our position thoroughly in the briefs, and I'm happy to answer any questions the Court may have. I don't see any, so thank you. Then I will be happy to cede the podium to my colleague. Good morning, Your Honor. May it please the Court. Pamela Chandran for Defendant International Association of Machinists, the union. The union respectfully requests of this Court that it affirm the lower court's granting of its motion for judgment on the pleadings because under the applicable standards in Iqbal and Twombly, plaintiff failed to make its case for a breach of the duty of fair representation which is barred by the very brief and applicable six-month statute of limitations. The union also requests, respectfully of this Court, that it affirm the district court's denial of plaintiff's motion to set aside the judgment under Rule 60B and plaintiff's motion to grant it leave to amend. Plaintiff may be. If you start off by citing Iqbal, which is a pleading issue, and ordinarily if there is a pleading deficiency, isn't the plaintiff given an opportunity to take another crack at the pleading? The plaintiff may, but the plaintiff did not request this either when it was presented with the union's moving papers or at the hearing when Judge Henderson requested of the plaintiff if it had all the information in front of it to make its decision. Well, there is – there are allegations in the complaint that the union assured the plaintiff that it was being taken care of. I read the district court's decision as saying, in effect, under these facts there's no way you could have believed the representations being made by the union, which takes me back to my favorite movie line that I can't quote exactly because it's from Animal House, but basically the gist of it is, hey, you screwed up, you trusted us. So the union is telling him, we got this taken care of, and we are supposed to decide as a matter of law that he could not possibly reasonably have believed that for a period of time that exceeds the statute of limitations? Respectfully, Your Honor, the union disagrees with that characterization of the union's activities as alleged in the complaint. The only statement that plaintiff makes of the actions that occurred in the time period between September 2005 and January 2008, a period of over two years, is that the union ignored plaintiff's follow-ups over time. That's in paragraph 12 of the complaint. That's not the only statement in it. With all due respect, Your Honor, that's the only statement regarding that 27-month period of time. Plaintiff does make statements about the union's activity prior to September 2005 and after January 2008, but we still have this 27-month lacuna of inactivity. He says, and he does say in paragraph 12, that his follow-ups were ignored. Ignored is kind of an ambiguous word. And in paragraph 10, he does say, because of the nature of the action taken, plaintiff's claim, the same was being, he's told by the union, the same was being reviewed further which representations followed over time and over several years. Now, maybe it's ambiguous, but over several, representations made over seven years is not quite the same as ignoring, meaning you didn't say anything to me. It might be I asked you something and you just ignored my complaints and said not to worry, we're taking care of it. That might be ignoring my complaints. Might it not? It's possible, Your Honor, but even if that were the case, and the union does not believe that that is, even if that were the case, prolonged inactivity over time and I think we can all agree that 27 months is a prolonged period of time, under Metz and Pantejo, the union is, the statute of limitations is crossed over that threshold. The statute of limitations begins to tick in a duty of fair representation case when the plaintiff knew or should have known of the union's breach. And 27 months, as the district court found, is enough time to put any reasonable and diligent plaintiff on notice that his actions are not being responded to. So hypothetically, the second level or whatever is supposed to go down fairly quickly. But that certainly doesn't mean that the union and the United couldn't agree to extend it, I'm sure. And so hypothetically, I call the union in, let's see, November of 2005 and say what's going on? What are you guys doing? And you say, not to worry, we're taking care of it. We're working with the United and we're taking care of it. And I call them three months later and ask the same question. And they say the same thing. And I say, well, look, you guys are going awfully slowly. This is ridiculous, say I to you. And, you know, I have monetary problems and I've got all kinds of difficulties. And they say, not to worry, we're taking care of it. It's a complicated matter and we're dealing with it. That's what they represent to him. How about that? They're ignoring his complaint. Yes. But they're saying we're dealing with it. Now, is he supposed to say at that point, you guys are big liars and I'm going to sue? Or can he rely upon the union? Under Metz and Pantejo, no, a plaintiff is required to be on notice. There is the onus of diligence is placed on a plaintiff in a duty of fair representation case. He may not simply rely on either the union's representations, particularly if they strain credulity, as the district court found. And that's where Iqbal comes back into this. Under Iqbal, the plaintiff must present facts that cross the line from conceivable to plausible. And the idea that even under a very generous interpretation of the complaint that Mr. Mederand could have believed for a 27-month period that the union was working on his grievance strains credulity, as the district court correctly found. Metz and Pantejo deal with cases with much more truncated timelines than this. In Metz, was there anything like the assurance to the plaintiff there that the problem was being taken care of by the union? There was a 13-month period of inactivity.  There was no affirmative assurance by the union that the matter was being taken care of. I mean, at the beginning of this 27-month period and, indeed, even at the end of the 27-month period, the union is telling him, don't worry, we got this handled. It's a complicated matter. We're taking care of this. There is affirmative assurance by the union. I don't see anything like that in Metz. So why is it that the plaintiff should affirmatively disbelieve his union? Again, Your Honor, the union respectfully disagrees that that is the assertion of the union's activity under the complaints. But even if that were the case, yes, a plaintiff is required to be in. Well, how is that not the assertion of the complaint? Under paragraph 12, the union ignored plaintiff's follow-ups over time. That's a 27-month period. I'm not going to hear you. In 2008, Defendant Representative Vern Luxenberg advised plaintiff in writing that it was not being ignored, that it was going beyond the grievance processes, blah, blah, blah, blah, blah, trust us. That's an affirmative statement. Even after the 27-month period, that's an affirmative statement by the union, which at that point, by the allegations of the complaint. I'm not speaking to the actual facts. By that time, the union itself had to know it was lying through its teeth. How is it that the plaintiff is supposed to understand that? Because after a 27-month period of time, even if the plaintiff then does begin conversations with the union, even then if the union does make representations to the plaintiff, too long of a period of time has passed. The 6 months had long since expired, and merely restarting the clock by talking to successive union officials does not rehydrate the already dried-up statute of limitations. Apparently, the union thought they'd believe him because they kept giving him the same line. So why is it the Court should decide as a matter of law that he couldn't believe what his union was telling him? I mean, that's just a hard factual question for the Court to decide on a motion to dismiss, isn't it? In Del Castello, the Supreme Court found that the duty of fair representation has only a 6-month statute of limitations. That's a very brief period of time. And the Supreme Court was clear that the reason for that is the union's inactivity, according to his allegations. And according to Metz and Pantejo, the union is not required to give an affirmative statement that it is no longer working on its grievance in order to start the clock. The clock started ticking sometime in 2005, generously.  Mr. Mederan took no action in 2006, 2007, or 2008, and it was only in 2009 that he filed suit, some three years after his last statement that the union had given him some sort of acknowledgment. Anything further? We believe that the 6-month statute of limitations is a firm underscoring of the Federal policy to quickly resolve labor disputes. If a plaintiff were allowed to wait indefinitely until he received some sort of affirmative representation from the union that it were not going to pursue his case, we have the problems that the statutes of limitations were designed to prevent. We have documents, institutional memories. Roberts. Is there anything that prevents you from pursuing a statute of limitations defense? I'm sorry, Your Honor? Is there anything that prevents you from pursuing a statute of limitations defense if your motion to dismiss is not granted? I mean, I'm not saying you don't have a statute of limitations defense. My question is, how is that the subject of a motion to dismiss, given the factual dispute that could be contained within that statute of limitations defense? Because under Iqbal, it's not enough. Under Iqbal, it does not state a plausible claim. Thank you. Thank you, Your Honor. In rebuttal, this kind of reminds me somewhat of the Marvin v. Marvin, Marvin 1 case, wherein the Court told Michelle, Marvin, if you can prove your cases at trial, your claims at trial, you may have a cause of action. Here, we're talking about a trigger date, a trigger date that the Court below did not find. All of the cases that are cited wherein these issues are before the Court, there were trigger dates that were found. There was none here. The only date that is of consequence is the November date in 08, wherein he was told for the first time that. Well, limitation periods, as a matter of course, run without an affirmative notice from the defendant that you've got a cause of action against me. So it's not unusual, is it, that limitations period run without what you're calling a trigger date? Well, it seems to me, Your Honor, that the courts have found in the cases that are relied upon by both sides, really, that there was a trigger date in each instance.    And in the case of the plaintiff, he was told that if something happened, he was told the claim was not going to go forward or what have you. That didn't happen here. In fact, there's continuous conduct, as alleged, between the plaintiff and his union, his exclusive bargaining agent, and he's being. Back from the union during that time period. Anything back? At the 27-month time period. And the complaint, I guess paragraph 12, alleges that he tried to follow up. Was there anything from the union but silence? There's no. There's, as I, it's in the record below, there were approximately 100 emails back and forth between the plaintiff and various of these representatives. Now, granted, this wasn't, this is a notice-pleading situation, but that was before the Court and that is the case. So if given the opportunity, if you were, if the complaint was found to fall short in specificity grounds or Iqbal grounds, you have other things you would plan to allege in more detail to make out this case? Yes, Your Honor. Why didn't you tell the district court that? It's in the record. Didn't you tell them at the hearing that you had nothing further to add to the complaint? Or was that just a pleading statement, basically? No. Actually, the Court asked, the comment in a colloquy with the Court about the proof on the issue, and the Court was apprised that there was over 100 emails. And the Court made a comment to the effect, well, I thought I had everything before me, but of course, it was a pleading issue, on notice pleading. So the Court then took the matter under submission. I understand your point. Thank you. Thank you. We thank both counsels for the helpful argument. The case just argued is submitted.
judges: Noonan, Fernandez, Clifton